IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-144-D
No. 7:17-CV-196-D

JAMES WILLIAM PAUL SANDERSON, )
)
Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

On October 16, 2017, James William Paul Sanderson ("Sanderson") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence [D.E. 197]. On May 2, 2018, the government moved to dismiss Sanderson's motion [D.E. 204] and filed a memorandum in support [D.E. 205]. On May 14, 2018, Sanderson responded in opposition [D.E. 207]. As explained below, the court grants the government's motion to dismiss in part, dismisses one of Sanderson's claims under section 2255, permits his claim that his counsel failed to file a notice of appeal to proceed, and directs Magistrate Judge Gates to hold a prompt evidentiary hearing concerning Sanderson's remaining claim and to issue a memorandum and recommendation.

I.

Sanderson was a high-volume drug dealer in Robeson County, North Carolina. See Presentence Investigation Report ("PSR") [D.E. 157] ¶¶ 7–11. On February 17, 2015, pursuant to a plea agreement [D.E. 156], Sanderson pleaded guilty to distributing 50 grams or more of cocaine base (crack) and a quantity of dihydrocodeinone (percocet) in violation of 21 U.S.C. § 841(a)(1). See [D.E. 155]. On June 30, 2015, Senior United States District Judge James C. Fox conducted

Sanderson's sentencing hearing, overruled Sanderson's objection to the PSR, and calculated his advisory guideline range as 360 to 480 months' imprisonment, based on a total offense level of 41 and a criminal history category III. See Sentencing Tr. [D.E. 188] 3–4, 25–30; PSR ¶¶ 44–56. Judge Fox also granted the government's motion under U.S.S.G. § 5K1.1. See Sentencing Tr. at 27, 30. Sanderson's attorney discussed Sanderson's cooperation and the section 3553(a) factors and requested a 180-month sentence. See id. at 12–22, 24. The government's attorney requested a 280-month sentence. See id. at 24–26. After considering Sanderson's cooperation, all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Sanderson's allocution, Judge Fox sentenced Sanderson to 240 months' imprisonment. See id. at 25–30; [D.E. 173]. Judge Fox expressly told Sanderson about his appellate rights and the 14-day time limit for filing a notice of appeal. See Sentencing Tr. at 28–29. Judge Fox directed Sanderson to tell his lawyer in writing if he wished to appeal. See id. at 29. Judge Fox expressed his concern about defendants who later claimed that they directed their lawyers to appeal but no appeal was filed. See id. On July 13, 2015, the court entered judgment. See [D.E. 173]. Sanderson did not appeal within the 14-day period. Instead, on January 29, 2016, Sanderson filed a pro se notice of appeal. See [D.E. 192] 2. On November 1, 2016, the Fourth Circuit dismissed the appeal as untimely. See id.; [D.E. 193].

In Sanderson's section 2255 motion, Sanderson alleges that his counsel was constitutionally ineffective by (1) failing to file a notice of appeal as directed orally and in writing, and (2) failing to object to the drug weight in the PSR. See [D.E. 197] 4–5.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010),

2

aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United

3

States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687–88, 691–96; see also Lafler, 566 U.S. at 162–65; Frye, 566 U.S. at 140–41; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel need not file baseless motions or "raise every available nonfrivolous" argument to provide effective representation. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Moreover, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

The Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . '(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp.

4

2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

To demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. Because Sanderson pleaded guilty, Sanderson must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would instead have insisted on going to trial. See Hill, 474 U.S. at 59; Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective-assistance-of-counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

In Sanderson's first claim, Sanderson alleges that counsel was ineffective by failing to file a notice of appeal after he directed counsel orally and in writing to do so. Sanderson has stated a claim. See United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished); see also Davis v. Zahradnick, 600 F.2d 458, 459–60 (4th Cir. 1979) (per curiam). Accordingly, the court directs Magistrate Judge Gates to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. See Diaz v. United States, Nos. 7:09-CR-100-D-3, 7:11-CV-

2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

To demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. Because Sanderson pleaded guilty, Sanderson must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would instead have insisted on going to trial. See Hill, 474 U.S. at 59; Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective-assistance-of-counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

In Sanderson's first claim, Sanderson alleges that counsel was ineffective by failing to file a notice of appeal after he directed counsel orally and in writing to do so. Sanderson has stated a claim. See United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished); see also Davis v. Zahradnick, 600 F.2d 458, 459–60 (4th Cir. 1979) (per curiam). Accordingly, the court directs Magistrate Judge Gates to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. See Diaz v. United States, Nos. 7:09-CR-100-D-3, 7:11-CV-

43-D, [D.E. 310] (E.D.N.C. Nov. 12, 2014) (memorandum and recommendation) (unpublished), adopted, 2014 U.S. Dist. LEXIS 177775 (E.D.N.C. Dec. 29, 2014) (unpublished); Rahman v. United States, Nos. 7:08-CR-126-D, 7:10-CV-69-D, [D.E. 71] (E.D.N.C. Aug. 27, 2013) (memorandum and recommendation) (unpublished), adopted, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013) (unpublished).

The court requests Magistrate Judge Gates to assess Sanderson's credibility at the hearing. If Magistrate Judge Gates determines that Sanderson committed perjury at the hearing concerning his discussions with his former counsel concerning an appeal, the memorandum and recommendation should so state. Such information would assist this court in resolving the one remaining claim and assist any decsionmaker assessing whether to shorten Sanderson's sentence under the First Step Act. In this court's view, a person who perjures himself in a section 2255 proceeding should not be released early from prison.

In Sanderson's second claim, Sanderson alleges that his counsel was constitutionally ineffective by failing to object to the drug weight in the PSR. See [D.E. 197] 5. This claim fails. At his arraignment, Sanderson swore that he had discussed the plea agreement with counsel, was satisfied with her legal services, and understood the terms of his plea agreement, including the stipulated drug weight, that the guidelines were advisory, and that the court could sentence him up to the statutory maximum. See Rule 11 Tr. [D.E. 186] 11–17, 21–32. Those sworn statements bind Sanderson. See Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). The PSR states that counsel objected to the credibility of CI-2 concerning the drug weight, but the stipulated drug weight in the plea agreement made the objection irrelevant. Compare PSR Addendum, with Plea Ag. ¶ 5.b. Sanderson has not plausibly alleged why the court should have sustained an objection to the drug

weight. Cf. Premo v. Moore, 562 U.S. 115, 123–32 (2011); Glover, 531 U.S. at 201–02, 204–05. Counsel's tactical decision not to make a baseless objection, and instead to cite the government's section 5K1.1 motion and to seek a downward variance at sentencing based on Sanderson's cooperation and the section 3553(a) factors, is entitled to deference. See, e.g., Knowles, 556 U.S. at 124–28; Strickland, 466 U.S. at 687–91; United States v. Surginer, 64 F.3d 661 (4th Cir. 1995) (per curiam) (unpublished table decision); cf. [D.E. 167] (defendant's motion for downward variance and memorandum of law). Indeed, at the sentencing hearing, Judge Fox expressly asked Sanders if he had any objections to the PSR other than what his counsel stated, and Sanderson answered, "No, Sir." Sentencing Tr. at 25. Alternatively, Sanderson has failed to plausibly allege prejudice. See, e.g., Premo, 562 U.S. at 123–32; Knowles, 556 U.S. at 127–28; Bobby, 558 U.S. at 12; Strickland, 466 U.S. at 699–700. Thus, the claim fails.

II.

In sum, the court GRANTS in part the government's motion to dismiss [D.E. 204], and DISMISSES Sanderson's ineffective-assistance claim concerning the drug weight, but the court permits his claim that his counsel failed to file a notice of appeal to proceed. The court REFERS Sanderson's remaining claim to Magistrate Judge Gates for a prompt evidentiary hearing and memorandum and recommendation.

SO ORDERED. This 11 day of January 2019.

JAMES C. DEVER III
United States District Judge