IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-144-D
No. 7:17-CV-196-D

| | |
|---|---|
| JAMES WILLIAM PAUL SANDERSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | **ORDER** |

On October 16, 2017, James William Paul Sanderson ("Sanderson" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence [D.E. 197]. On May 2, 2018, the government moved to dismiss the motion for failure to state a claim upon which relief can be granted [D.E. 204] and filed a memorandum in support [D.E. 205]. On May 14, 2018, Sanderson responded in opposition to the motion to dismiss [D.E. 207]. On January 11, 2019, the court granted in part the government's motion to dismiss, dismissed all of Sanderson's claims except one, and referred Sanderson's ineffective-assistance claim concerning the alleged failure to file a notice of appeal to Magistrate Judge Gates for an evidentiary hearing and a memorandum and recommendation ("M&R"). See [D.E. 211]. On February 5, 2019, Judge Gates held an evidentiary hearing. See [D.E. 218, 219, 220]. On June 2, 2020, Judge Gates issued a comprehensive M&R recommending that the court dismiss Sanderson's ineffective-assistance claim. See M&R [D.E. 224]. On June 14, 2020, Sanderson objected to the M&R [D.E. 225]. On July 6, 2020, Sanderson filed a pro se supplement to his objection concerning drug weight [D.E. 226].

"The Federal Magistrates Act requires a district court to make a de novo determination of

those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315.

The court has reviewed the entire record, including the M&R, the transcripts, the briefs, the objections, and the government's response. The court agrees with the analysis in the M&R. Moreover, the court overrules the objection that Judge Gates erroneously failed to consider Sanderson's mental health when determining whether Sanderson asked counsel to file an appeal or whether Sanderson understood that an appeal would not be filed. See [D.E. 225] 2. Judge Gates did consider Sanderson's mental health, found that Sanderson did not instruct counsel to file an appeal, and understood that no appeal would be filed. See M&R at 4–13. Furthermore, the court overrules as baseless Sanderson's drug-weight objection. See [D.E. 211] 6–7. Thus, the court overrules the objections [D.E. 225, 226] and adopts the M&R [D.E. 224].

After reviewing the claims presented in Sanderson's motions, the court finds that reasonable jurists would not find the court's treatment of Sanderson's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 224], DISMISSES Sanderson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 197], and DENIES as moot Sanderson' motion to expedite [D.E. 223]. The court

2

DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 14 day of July 2020.

                                                            JAMES C. DEVER III
                                                            United States District Judge

3

Case 7:10-cr-00144-D   Document 227   Filed 07/14/20   Page 3 of 3